MICHAEL BEST & FRIEDRICH LLP
David Szwarcsztejn, #272371
david.szwarcsztejn@michaelbest.com
11812 San Vicente Blvd., Suite 380
Los Angeles, CA 90049
Telephone: 424.299.8900
Facsimile: 877.398.5240

Attorneys for Defendant DD KARMA LLC, a Delaware entity, d/b/a WWW.DERMAFLASH.COM

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DANIEL KEARNEY,

Plaintiff,

v.

DD KARMA LLC, a Delaware entity, d/b/a WWW.DERMAFLASH.COM,

Defendant.

Case No. 25CV2069 JO MSB

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

**Filed Under Separate Cover:**

**(1) MEMORANDUM OF POINTS AND AUTHORITIES;**

**(2) DECLARATION OF DAVID SZWARCSZTEJN;**

**[Proposed] Order Lodged Separately**

Date: October 31, 2025
Judge: Jinsook Ohta

Hearing: February 19, 2026
Time: 9:30 a.m.
Ctrm: 4C

Action Filed: August 11, 2025
Trial Date: None set

# NOTICE OF MOTION

**TO PLAINTIFF DANIEL KEARNEY AND HIS COUNEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on February 19, 2026 at 9:30 a.m. in Courtroom 4C of the United States District Court, Southern District of California – San Diego Division, located at 221 W. Broadway, San Diego, CA 92101, Defendant DD KARMA LLC d//b/a WWW.DERMAFLASH.COM ("DermaFlash" or "Defendant") will and hereby do move the Court for an order dismissing Plaintiff Daniel Keraney's Complaint pursuant to Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(6) on the grounds that:

1. Plaintiff's First, Second, and Third Causes of Action fail on the grounds that Plaintiff has not suffered a concrete injury because Plaintiff has no legitimate expectation of privacy with respect to his IP address and the other basic contact information alleged in the Complaint, and therefore, he lacks standing. *See, e.g.*, *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020); *Carolus v. Nexstar Media Inc.*, 2025 U.S. Dist. LEXIS 92707 (N.D. Cal. Apr. 9, 2025); *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008).

2. Plaintiff's First Cause of Action for alleged violation of the federal Wiretap Act (18 U.S.C. § 2511), which prohibits the interception of electronic communications, fails for three reasons:

   a. Plaintiff alleged that "Defendant and/or its agents intentionally intercepted, *or procured the interception of*, these electronic communications . . . without Plaintiff's knowledge or consent." (Dkt. 1 ¶ 37 (emphasis added).) However, Plaintiff cannot premise a *civil* claim for a violation of the Wiretap Act on DermaFlash's alleged *procurement of any person* to intercept an electronic communication. *See Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000); *In re Toys R Us, Inc., Privacy Litig.*, 2001 U.S. Dist. LEXIS 16947, at *22 (N.D. Cal. Oct. 9, 2001); *Smith v. Rack*

*Room Shoes, Inc.*, 2025 U.S. Dist. LEXIS 70510, at * (N.D. Cal. Apr. 4, 2025). To the extent Plaintiff contends that DermaFlash procured the intercepted communications from some third party, he cannot state a civil claim under the Wiretap Act.

b. Plaintiff's Wiretap Act claim also fails because the statute expressly excludes from coverage the interception of any communication by a party to that communication. 18 U.S.C. § 2511(2)(d). Plaintiff alleges that he intentionally accessed DermaFlash's website, thereby sending the electronic communication he claims was intercepted, making DermaFlash a party to the communication and excluded from the statute's reach. *In re: Google, Inc.*, 806 F.3d 125, 140-41 (3rd Circ. 2015). Although § 2511(2)(d) does not apply if the communication was intercepted for the purpose of committing a tortious act, that exclusion only comes into play if the unlawful act is something other than the interception itself. *In re: Google, Inc.*, 806 F.3d at 145.

c. Finally, Plaintiff's Wiretap Act claim fails because he does not allege that DermaFlash intercepted the contents of an electronic communication, which is defined as "information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). Routing and addressing information, such as the data that Plaintiff alleges DermaFlash intercepted, is not the "contents" of a communication and therefore is not protected by the Wiretap Act. *Graf v. Zynga Game Network, Inc.*, 750 F.3d 1098, 1106-07 (9th Cir. 2014).

3. Plaintiff's Second Cause of Action for using a trap and trace device in violation of the California Invasion of Privacy Act fails to allege facts sufficient to

state a claim. A trap and trace device is defined as "a device or process that captures the ***incoming*** electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(c) (emphasis added). The data that DermaFlash allegedly captured was not data sent – i.e., incoming – to Plaintiff's computer. It was data that Plaintiff voluntarily conveyed to DermaFlash's website. Plaintiff cannot state a claim for improper use of a trap and trace device when he alleges that DermaFlash captured data that was incoming to its website rather than incoming to his computer. *See, e.g., Rodriguez v. Sparc Grp., LLC*, 2025 Cal. Super. LEXIS 41697, at *2 (Cal. Super Ct. July 9, 2025); *Casillas v. BOP LLC*, 2025 Cal. Super. LEXIS 47920 (Cal. Super Ct. June 18, 2025). *Cf. Columbia Pictures Indus. V. Bunnell*, 2007 U.S. Dist. LEXIS 46364, at *43 (C.D. Cal. May 29, 2007) ("[T]he collection of incoming IP addresses by defendants is exempt from this prohibition pursuant to 18 U.S.C. § 3121(b)(1) because defendants already and necessarily capture such data . . . to operate the website.").

4. Plaintiff's Third Cause of Action for Intrusion upon Seclusion fails to allege facts sufficient to state a claim because Plaintiff had no reasonable expectation of privacy in his IP address and other alleged data in his Complaint.

This Motion is based on this Notice and the accompanying Memorandum of Points and Authorities, Defendant's concurrently filed Request for Judicial Notice, the Declaration of David Szwarcsztejn, the Court's file and records in this action, all matters which may be judicially noticed pursuant to Rule 201 of the Federal Rules of Evidence, and such other evidence and arguments as may be made or presented at or before the hearing on this Motion. This motion is made following a conference of counsel on October 30, 2025 during which counsel for DermaFlash

informed counsel for Plaintiff that Defendant contends that the claims asserted in the Complaint are deficient for the reasons described above. Counsel for Plaintiff Responded that he disagreed with Defendants' position and agreed that they should proceed with their Motion.

Dated: November 7, 2025

MICHAEL BEST & FRIEDRICH LLP

By: *s/ David Szwarcsztejn*
David Szwarcsztejn
Attorneys for Defendant DD KARMA LLC, a Delaware entity, d/b/a WWW.DERMAFLASH.COM