MICHAEL BEST & FRIEDRICH LLP
David Szwarcsztejn, #272371
david.szwarcsztejn@michaelbest.com
11812 San Vicente Blvd., Suite 380
Los Angeles, CA 90049
Telephone: 424.299.8900
Facsimile: 877.398.5240

Attorneys for Defendant
DD KARMA LLC, a Delaware entity,
d/b/a WWW.DERMAFLASH.COM

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL KEARNEY,<br><br>Plaintiff,<br><br>v.<br><br>DD KARMA LLC, a Delaware entity, d/b/a WWW.DERMAFLASH.COM,<br><br>Defendant. | Case No. 25CV2069 JO MSB<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Action Filed: August 11, 2025<br>Trial Date: None set |

Defendant DD KARMA LLC, a Delaware entity, d/b/a WWW.DERMAFLASH.COM ("DermaFlash") hereby answers the First Amended Complaint (the "First Amended Complaint") filed by plaintiff Daniel Kearney ("Plaintiff") as follows:

**NATURE OF ACTION**

1. DermaFlash admits that it operates the website identified in Paragraph 1; that the website displays a cookie consent banner; and that the website permits users to opt out of some data tracking. DermaFlash denies all remaining allegations set forth in Paragraph 1 and specifically denies it engaged in any egregious privacy violation, breach of consumer trust, or violated California law.

2. DermaFlash admits that the website offered consumers a choice as to which cookies to accept. DermaFlash denies all remaining allegations set forth in Paragraph 2.

3. DermaFlash denies the allegations set forth in Paragraph 3.

4. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5. DermaFlash denies that it falsely told site visitors that it respects their privacy and that it violated state statutes or tort duties. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

**THE PARTIES**

6. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. DermaFlash admits the allegations set forth in Paragraph 7.

**JURISDICTION AND VENUE**

8. DermaFlash admits the allegations set forth in Paragraph 8.

9. DermaFlash denies the allegations set forth in Paragraph 9.

10. DermaFlash admits it is an online retailer that operates the website which sells products nationwide. DermaFlash denies the remaining allegations set forth in Paragraph 10.

11. DermaFlash admits the website is available to California residents. DermaFlash

denies the remaining allegations set forth in Paragraph 11.

12. DermaFlash admits it sells products to California residents through the website. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 12 regarding its purported exercise of "control over the ultimate distribution of its products sold via the Website" because the allegation is unclear.

13. DermaFlash denies the allegations set forth in Paragraph 13.

**FACTUAL ALLEGATIONS**

14. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. DermaFlash admits the allegations set forth in Paragraph 15.

16. DermaFlash admits that it integrated third-party resources into the website's programming.

17. DermaFlash admits the allegations set forth in Paragraph 17.

18. DermaFlash admits the allegations set forth in Paragraph 18.

19. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the website embeds software code from registered data brokers and those regarding the esteemed Brennan Center for Justice set forth in Paragraph 20. DermaFlash admits the remaining allegations set forth in Paragraph 20.

21. DermaFlash admits that Paragraph 21 contains a list of hypothetical uses for third-party cookie data.

22. DermaFlash admits that it operates the Website, which allows visitors to receive information about its products and services. DermaFlash denies the information users communicate to the Website are private and admits the remaining allegations set forth in Paragraph 22.

23. DermaFlash denies that it has "complete control" over whether first-party and third-party cookies are laced on its users devices or transmitted to third parties. DermaFlash

admits the remaining allegations set forth in Paragraph 23.

24. DermaFlash admits the allegations set forth in paragraph 24 as to October 2024.

25. DermaFlash admits the allegations set forth in Paragraph 25 as to October 2024.

26. DermaFlash admits the allegations set forth in Paragraph 26 as to October 2024.

27. DermaFlash admits the allegations set forth in Paragraph 27 as to October 2024.

28. DermaFlash admits the allegations set forth in Paragraph 28 as to October 2024.

29. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30.

31. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32. Upon information and belief, DermaFlash admits the allegations set forth in Paragraph 32.

33. Upon information and belief, DermaFlash admits the allegations set forth in Paragraph 33.

34. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34.

35. DermaFlash denies the allegations set forth in Paragraph 35.

36. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.

38. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38.

39. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39.

40. DermaFlash lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 40.

41. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41.

42. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42.

43. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43.

44. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44.

45. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45.

46. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46.

47. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47.

48. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48.

49. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49.

50. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50.

51. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51.

52. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52.

53. DermaFlash lacks knowledge information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

54. DermaFlash lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 54.

55. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55.

56. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56.

57. Upon information and belief, DermaFlash admits the allegations set forth in Paragraph 57

58. Upon information and belief, DermaFlash admits the allegations set forth in Paragraph 58.

59. Upon information and belief DermaFlash admits the allegations set forth in Paragraph 59.

60. DermaFlash denies the allegations set forth in Paragraph 60.

61. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61.

62. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62.

63. DermaFlash denies the allegations set forth in Paragraph 63.

64. DermaFlash denies its representations were misleading. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 64.

65. DermaFlash denies the allegations set forth in Paragraph 65.

66. DermaFlash denies the allegations set forth in Paragraph 66.

67. DermaFlash admits that Paragraph 67 sets forth hypothetical uses for the data described therein.

68. DermaFlash admits Paragraph 68 sets forth hypothetical uses for the data described therein.

69. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69.

70. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70.

71. DermaFlash denies the allegations set forth in Paragraph 71.

72. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72.

73. DermaFlash denies the allegations set forth in Paragraph 73.

74. DermaFlash admits the allegations set forth in Paragraph 74.

75. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75.

76. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 regarding Plaintiff's reliance and use of the website. DermaFlash admits the remaining allegations set forth in Paragraph 76.

77. DermaFlash denies the allegations set forth in Paragraph 77.

78. DermaFlash denies the allegations set forth in Paragraph 78.

79. DermaFlash denies the allegations set forth in Paragraph 79.

80. DermaFlash denies that it made any misrepresentations. DermaFlash lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 80.

81. DermaFlash denies the allegations set forth in Paragraph 81.

## **CLAIMS FOR RELIEF**

## **FIRST CLAIM FOR RELIEF**

82. DermaFlash incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

83. DermaFlash admits the allegations set forth in Paragraph 83.

84. DermaFlash denies the allegations set forth in Paragraph 84.

85. DermaFlash denies the allegations set forth in Paragraph 85.

86. DermaFlash denies the allegations set forth in Paragraph 86.

87. DermaFlash denies the allegations set forth in Paragraph 87.

88. DermaFlash denies the allegations set forth in Paragraph 88.

89. DermaFlash denies the allegations set forth in Paragraph 89.

90. DermaFlash denies the allegations set forth in Paragraph 90.

91. DermaFlash denies the allegations set forth in Paragraph 91.

**SECOND CLAIM FOR RELIEF**

92. DermaFlash incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

93. DermaFlash admits Paragraph 93 sets forth the elements of a claim for intrusion upon seclusion.

94. DermaFlash denies the allegations set forth in Paragraph 94.

95. DermaFlash denies the allegations set forth in Paragraph 95.

96. DermaFlash denies the allegations set forth in Paragraph 96.

97. DermaFlash denies the allegations set forth in Paragraph 97.

98. DermaFlash denies the allegations set forth in Paragraph 98.

99. DermaFlash denies the allegations set forth in paragraph 99.

100. DermaFlash admits Plaintiff is seeking the relief set forth in Paragraph 100. DermaFlash denies Plaintiff is entitled to any such relief and denies any remaining allegations set forth in Paragraph 100.

101. DermaFlash admits Plaintiff is seeking the relief set forth in Paragraph 101. DermaFlash denies Plaintiff is entitled to any such relief and denies any remaining allegations set forth in Paragraph 101.

**FIFTH CLAIM FOR RELIEF**

102. DermaFlash incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

103. DermaFlash admits Paragraph 103 cites CIPA.

104. DermaFlash admits Paragraph 104 describes CIPA.

105. DermaFlash admits Paragraph 105 cites CIPA.

106. DermaFlash admits Paragraph 106 cites CIPA.

107. DermaFlash denies the allegations set forth in Paragraph 107.

108. DermaFlash denies the allegations set forth in Paragraph 108.

109. DermaFlash denies the allegations set forth in Paragraph 109.

110. DermaFlash denies the allegations set forth in Paragraph 110.

111. DermaFlash admits it did not obtain a court order to install or use third party cookies and software to track and collect Plaintiff's IP address and user-agent information and denies that any such order was required in these circumstances.

112. DermaFlash denies the allegations set forth in Paragraph 112.

113. DermaFlash denies the allegations set forth in Paragraph 113.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, DermaFlash asserts the following affirmative defenses and reserves the right to assert such other and further affirmative defenses as may be appropriate:

A. Plaintiff has failed to state a claim for which relief may be granted.

B. Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

C. Plaintiff's claims are barred, in whole or in part, to the extent DermaFlash was a party to any communication purportedly captured.

D. Plaintiff's claims are barred, in whole or in part, because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the events at issue in this action.

E. Plaintiff's claims are barred, in whole or in part, because Defendant at all times complied in good faith with all applicable statutes and regulations.

F. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by

Defendant.

G. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, it was directly and proximately caused and contributed by the intervening acts of others, and not by Defendant.

H. Plaintiff lacks an actual injury and thus lacks standing to pursue the asserted claims.

I. Defendant reserves the right to compel arbitration.

J. Plaintiff has failed to mitigate his damages.

## PRAYER FOR RELIEF

WHEREFORE, DD KARMA requests the following relief:

1) That Plaintiff takes nothing from DermaFlash by virtue of the First Amended Complaint;
2) That Plaintiff's First Amended Complaint be dismissed with prejudice;
3) That Judgment be entered in DermaFlash's favor;
4) That the Court award DermaFlash its attorneys' fees, expenses and costs to the full extent permitted by law; and
5) That the Court award such other relief as is just and proper.

Dated: March 6, 2026

MICHAEL BEST & FRIEDRICH LLP

s/ *David Szwarcsztejn*

By: David Szwarcsztejn
Attorneys for Defendant
DD KARMA LLC, a Delaware entity,
d/b/a WWW.DERMAFLASH.COM

## CERTIFICATE OF SERVICE

I hereby certify that on March 6th, 2026, I electronically filed the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

s/ Lynda E. Moser